(No. 3056—

ILLINOIS LUMBER COMPANY, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

BUCKLEY & BUCKLEY, for claimant.

GEORGE F. BARRETT Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein alleges in substance that in making its annual reports to the Secretary of State for the year 1933 and 1934, it erroneously reported a paid-in surplus of $204,339.00, whereas in fact the surplus of the claimant as shown by such reports was an "earned surplus" and was therefore

not properly taxable under the laws of this State; that by reason thereof, the claimant paid a franchise tax in the amount of $102.17 for each of such years 1933 and 1934, in excess of the amount it was legally required to pay, and claimant therefore asks for a refund of the excess tax so paid by it as aforesaid, together with interest from the date of payment at the rate of 5% per annum.

The Attorney General has filed a motion to dismiss the claim for the reason that the tax was correctly assessed on the basis of the annual reports filed by the claimant, and the payment in question was not made under protest.

A similar question was presented to this court in the case of *Western Dairy Co.* vs. *State*, 9 C. C. R. 498. In considering the question there involved, we said, page 499:

"The question here involved is whether a corporation which has paid an excessive franchise tax, as the result of its own mistake or error, is entitled to recover the amount of the excess so paid.

"The rule is well established in this State that where an illegal of excessive tax is paid voluntarily, with full knowledge of all the facts, the same cannot be recovered. It is equally well established that where such tax is paid under a mistake of fact, it is not considered as having been paid voluntarily; also that where such tax is paid under a mistake of law, it may not be recovered.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"The difficulty arises not with the principles of law but with the application of such principles to the particular case.

"In this case the facts with reference to the amount of its stated capital and paid-in surplus were peculiarly within the knowledge of the claimant; there was no mistake on the part of the Secretary of State who assessed the tax in accordance with the annual report prepared and filed by the claimant; the only error was that of the claimant. No objection was made to the assessment, and no request for a hearing thereon was made in accordance with the provisions of Section 143 of the Business Corporation Act.

"There are numerous authorities that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer, and thereafter paid by him, such payment is not made under a mistake of fact, and cannot be recovered."

To the same effect, see *Stotlar-Herrin Lumber Co.* vs. *State*, 9 C. C. R. 517; *Fried & Bell Paper Co.* vs. *State*, 9 C. C. R. 531; *Monarch Fire Insurance Co.* vs. *State*, 9 C. C. R. 538; *Kansas City Fire & Marine Insurance Co.* vs. *State*, No. 3413, decided February 14, 1940.

Under the law as set forth in the cases cited, we have no authority to allow an award, and the motion of the Attorney General will therefore be sustained.

Motion to dismiss allowed. Case dismissed.